# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Michelle Marski, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| v. | |
| Lieberman, Michaels & Kelly, LLC, | |
| Defendant. | **JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

3. As described below, Defendant attempted to collect from Plaintiff a "debt" as defined by 15 U.S.C. §1692a(5).

4. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. On or around May 18, 2010, Defendant's employee ("Murdoch") telephoned Plaintiff's cellular phone in connection with the collection of the debt and left a voice message.

6. During this communication, Murdoch falsely represented that it was calling regarding a legal claim against Plaintiff that had been placed in Defendant's office.

7. During this communication, Murdoch falsely represented that an arbitration proceeding was scheduled in Defendant's office at 4:00pm that day with Defendant's "senior partners".

8. On or around May 18, 2010, Murdoch telephoned Plaintiff's home phone in connection with the collection of the debt and left a voice message nearly identical to the message referenced above.

9. On or around May 18, 2010, Plaintiff telephoned Defendant in response to the messages referenced above and spoke to another of Defendant's employees ("Knowles").

10. During this communication, Knowles falsely represented that he was an attorney.

11. During this communication, Knowles falsely represented that there were three felony charges pending against Plaintiff.

12. During this communication, Knowles falsely represented that he would persuade the judge to revoke Plaintiff's driver's license for ten years unless Plaintiff paid Defendant.

13. During this communication Knowles falsely represented that he would ask the judge to garnish 37% of Plaintiff's wages unless Plaintiff paid Defendant.

14. On or around May 19, 2010, Knowles telephoned Plaintiff's cellular phone in connection with the collection of the debt and left a voice message.

15. During this communication, Knowles falsely represented that he would correspond with the courts unless Plaintiff telephoned him by 11:00am that day.

16. On or around May 19, 2010, Murdoch telephoned Plaintiff's home phone in connection with the collection of the debt and left a voice message.

17. During this communication, Murdoch falsely represented that Plaintiff was "stopping a legal investigation" by failing to communicate with Defendant.

18. During this communication, Murdoch falsely represented that were three allegations pending against Plaintiff at that time and threatened that Plaintiff did not want to "make it a fourth".

19. Defendant caused Plaintiff emotional distress.

20. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.

## JURY DEMAND

25. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

26. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C., Attorneys for Plaintiffs

By: s/Timothy J. Sostrin
Timothy J. Sostrin, Bar ID # 6290807
233 S. Wacker, Suite 5150
Chicago, IL 60606
Telephone: 866-339-1156
Email: tjs@legalhelpers.com